IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

MEL BAILEY INDIVIDUALLY AND ON BEHALF
OF THE WRONGFUL DEATH BENEFICIARIES
OF MARIE H. BAILEY, DECEASED, AND THE ESTATE
OF MARIE H. BAILEY, DECEASED, BY AND THROUGH
MEL BAILEY, EXECUTOR                                                                        PLAINTIFFS

VS.                                                        CIVIL ACTION NO. 3:09CV158-HTW-LRA

MONITRONICS INTERNATIONAL, INC., KINGDOM
SECURITY INTERNATIONAL, REXFORD ALARM
SERVICE AND JOHN DOES 1-10, A-M CORPORATIONS
1-13 AND N-Z CORPORATIONS 1-13                                                        DEFENDANTS

## ORDER

This cause came before the Court by telephonic hearing on August 26, 2009, on the Motion to Compel [#16] filed by Plaintiffs. Plaintiffs filed a Motion to Remand [#4] on April 15, 2009, and all discovery not relevant to remand was stayed by the undersigned's Order filed April 16, 2009. Plaintiff has propounded remand related discovery, and Defendant Monitronics International, Inc., objects to responding to the discovery. The other named Defendants, Kingdom Security International and Rexford Alarm Service, had not yet been served with process when the motion was filed and argued. Document number 23, filed August 31, 2009, reflects that Defendant Kingdom Security International was served with process on August 28, 2009, by service on Kingdom, by and through its registered agent and/or owner, Lucius Crosby, Jr., 4202 Maidstone Drive, Lake Charles, Louisiana 70605-4032.

The Defendant Monitronics removed the case based upon diversity jurisdiction, contending that none of the other named Defendants were residents of the State of

Mississippi on the date Plaintiffs filed their lawsuit, and/or they were fraudulently joined to defeat diversity. Defendant contends that the sole issue to be determined in the motion to remand is whether or not any of the other named Defendants were residents of Mississippi on the date the lawsuit was filed. Accordingly, the only discovery that the Court should allow is discovery aimed at determining and proving the residency of Kingdom and Rexford when suit was filed.

Plaintiffs contend that they are simply seeking to bring the proper parties before this Court, or, in case of remand, to state court. They seek to propound 23 interrogatories and 10 requests for production.

The Court finds that Plaintiffs' attempt to now identify the John Doe defendants is not relevant to the issues before the Court in the motion to remand. Most of the discovery is directed at determining what entity or entities may be liable to Plaintiffs. In the case of Pipe Freezing Services, Inc. V. Air Liquide America, LP, 2009 WL 2591612 (S.D. Miss. 2009), a plaintiff requested to engage in jurisdictional discovery to ascertain the identities of John Doe defendants. Id. at *4. Judge Starrett held:

> This is merits discovery, not jurisdictional discovery. The plaintiff was under an obligation to ascertain the identity of proper non-diverse defendants prior to filing suit. Its failure to do so is fatal to the remand motion and the court is not obligated to allow the plaintiff to now pursue a fishing expedition to correct that failure.

Id.

Furthermore, the Fifth Circuit has held that "discovery by the parties should not be allowed except on a tight judicial tether, sharply tailored to the question at hand, and only after a showing of its necessity." Smallwood v. Illinois Cent. R. Co., 385 F.3d 568, 573 (en banc), cert. denied, 125 S.Ct. 1825 (2005). No remand related discovery shall be

2

allowed regarding the identity of the "proper" defendants. Only that discovery directed at proving the residency of Kingdom Security International and Rexford Alarm Service shall be allowed.

Plaintiffs shall be granted a period of time in which to again propound discovery, limiting the discovery strictly to the issue of the residency of these named Defendants on the date the Complaint was filed. Kingdom has now been served with process, and discovery related to its residency may also be propounded on it after an Answer is filed.

Via email, Plaintiffs have requested additional time to serve Defendants. This motion is moot as to Kingdom, as it has now been served. No new process has been issued as to Rexford, and the Court assumes that no new address has been located for it. Because of these factors, that request shall be denied.

IT IS, THEREFORE, ORDERED, that the Motion to Compel is **denied**, but Plaintiffs may propound revised discovery on Monitronics and/or Kingdom on or before October 26, 2009, limited to the issue of the residency of the named Defendants on the date the complaint was filed.

IT IS FURTHER ORDERED that Plaintiffs' request for additional time to serve Kingdom and Rexford is denied.

SO ORDERED, this the 9th day of October, 2009.

                                           /s/ Linda R. Anderson
                                   UNITED STATES MAGISTRATE JUDGE